# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BOBBIE L. ADAMS,            :
                                 :
                  Plaintiff,        :     NO. 3:04CV1697 (MRK)
                                 :
v.                                  :
                                 :
EDWARD S. DOMNASKI, JUDGE, IN    :
HIS OFFICIAL AND INDIVIDUAL     :
CAPACITIES, et al.,             :
                                 :
                Defendants.     :

## RULING AND ORDER

*Pro se* plaintiff Bobbie Adams brings this lawsuit pursuant to 42 U.S.C. § 1983 and "any and all other statutes which allow this court to take jurisdiction of the action (divorce) from state court."  Compl. [doc. #1] at 3.  Currently pending before the Court are three motions to dismiss: Defendants Edward S. Domnarski,[1] Aurthur C. Hadden, John Nugent and Gregory Benoit's Motion to Dismiss [**doc. #23**], Defendant Timothy Cummins' Motion to Dismiss [**doc. #30**]; and Defendant Richard Z. Rothstein's Motion to Dismiss [**doc. #32**].  For the reasons stated below, Defendants' motions are GRANTED.

## I.

Mr. Adams' claims are based on the following facts alleged in his Complaint.  Mr. Adams alleges that he has been the victim of racial and sexual discrimination at the hands of the Defendants – three Connecticut Superior Court judges, a Grievance Counsel, and two private attorneys whom Mr. Adams encountered during the course of his divorce proceedings and a

---

[1] This case was docketed under an incorrect spelling of Judge Domnarski's name.

criminal prosecution in state court.  *See* Compl. [doc. #1] at 4.  He sues each of the Defendants in both their individual and official capacities.

According to the Complaint, Mr. Adams was arrested for and convicted of violating a protective order that had been issued against him as a result of a complaint filed by his estranged wife.  *See id.* at 5.  Defendant Superior Court Judge Domnarski sentenced Mr. Adams, who is black, to a term of five years in prison, to be suspended after sixty days, followed by two years of probation, a sentence that Mr. Adams asserts is more stringent than sentences given to white defendants for similar offenses.  *Id.*  In a portion of the Complaint that the Court finds difficult to understand, Mr. Adams also complains that he was unsuccessful in persuading Judge Domnarski to "appoint another judge to hear the case" and to award him ownership of one of two family cars.  *Id.* at 6-7.

Mr. Adams also complains that Defendant Judge Hadden, another Superior Court judge, "refuse[d] to fully entertain pre-trial motions prior to trial, refuse[d] to hold the wife to same standards as him," although Mr. Adams does not specify when, and in what context, Judge Hadden became involved in Mr. Adams' case.  *See id.* at 8.

Defendant Timothy Cummins represented Mr. Adams during his divorce proceedings. *See id.* at 8.  Mr. Adams later fired Mr. Cummins because he asked Mr. Adams to remain in the hallway while Mr. Cummins attended a pre-trial conference and entered into a case management order with Mr. Adams' wife and her attorney.  *Id.*  Mr. Adams also filed an action against Mr. Cummins in small claims court and Defendant Judge Nugent presided over that action.  *Id.* at 6. Mr. Adams alleges that during the small claims court proceedings, Judge Nugent unfairly precluded Mr. Adams from presenting certain evidence on his behalf.  *See id.*

Mr. Adams further alleges that he filed a grievance against Defendant Richard Rothstein who, having previously served as a family lawyer for Mr. Adams and his wife, improperly represented Mr. Adams' wife during divorce proceedings against Mr. Adams. *See* Amendment to Compl. [doc. #31] at 5. That grievance was initially received by Defendant Gregory Benoit, who is either a state-wide grievance panel member or counsel to the grievance panel, and who allegedly "brushed aside" Mr. Adams' complaint. Compl. [doc. #1] at 6.

## II.

It is well established that a *pro se* complaint "should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. " *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Thus, when considering motions to dismiss a *pro se* complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is particularly true when dealing with *pro se* complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).

Furthermore, the Second Circuit has recently emphasized that "*pro se* litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). It is up to the district court to determine what claims a *pro se* plaintiff's complaint could raise, and in doing so, "the court's imagination should be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings." *Id*.

Nevertheless, *pro se* litigants "cannot completely avoid the pleading requirements of the Federal Rules of Civil Procedure." *Peterson v. Tomaselli*, No. 02 Civ.6325, 2004 WL 2211651, at *12 (S.D.N.Y. Sept. 30, 2004) (citations and quotation marks omitted). The Court notes that Mr. Adams has had numerous opportunities to clarify his claims and to respond to Defendants' arguments in favor of dismissal. *See* Order [doc. #20] (directing Mr. Adams to provide a more definite statement of his claims against Timothy Cummins); Order [doc. #22] (directing Mr. Adams to provide a more definite statement of his claims against Richard Rothstein); Notice to Pro Se Litigant [doc. #28] (advising Mr. Adams that he has missed a number of filing deadlines and advising him that failure to comply with the Court's order would result in dismissal of his case). *See also* Pl.'s Amendment to Compl. [doc. #31]; Pl.'s Objection to Def.'s Mot. to Dismiss [doc. #33].

### III.

### A. Section 1983 Claims

The Court must dismiss Mr. Adams' § 1983 claims against Judges Domnarski, Hadden, and Nugent, as well as Messrs. Benoit, Cummins, and Rothstein because on the facts alleged by Mr. Adams, none of these defendants is subject to a suit for money damages under § 1983.

**1. Judicial Defendants.** Mr. Adams' claims against the three judges must be dismissed pursuant to the doctrine of absolute judicial immunity. The doctrine of absolute immunity shields a judge from suits for money damages for actions taken within his judicial capacity, so long as the judge did not act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (*per curiam*); *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). This rule was created " 'for the benefit of the public, whose interest it is that the judges

-4-

should be at liberty to exercise their functions with independence and without fear of consequences.' " *Huminski*, 396 F.3d at 74 (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The Second Circuit has emphasized that "[t]he cloak of immunity is not pierced by allegations of bad faith or malice, even though 'unfairness and injustice to a litigant may result on occasion.' " *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997) (quoting *Mireles*, 502 U.S. at 10).

As is apparent from the face of his Complaint, Mr. Adams' claims against the three Superior Court judges relate exclusively to orders they issued in various state court proceedings over which they had jurisdiction. *See* Compl. [doc. #1] at 8 ("Plaintiff claims that [Judge] Domnaski violated his due process and equal protection . . . rights when he refused to pass the case to another judge" and when he ordered forfeiture of Mr. Adams' rights "to receive on of two family cars."); *id*. at 8 ("Plaintiff claims that [Judge] Hadden violated his constitutional right to due process and equal protection of law when he refuse to fully entertain pre-trial motions prior to trial, [and] refuse to hold the wife to same standard as him."); *id*. at 8-9 ("Plaintiff claims that [Judge] Nugent violated his constitutional rights to due process and equal protection of law when he tried the case without the benefit of all the evidence that plaintiff was entitled to."). As such, the doctrine of absolute immunity bars Mr. Adams' claims. "Although unfairness and injustice to a litigant may result" due to this rule, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 10 (quotation marks and citations omitted).

Accordingly, the Court DISMISSES WITH PREJUDICE all Mr. Adams' § 1983 claims for damages against Judges Domnarski, Hadden, and Nugent, in both their official and individual

capacities.[2]

   **2.   Gregory Benoit.**  Mr. Adams sues Mr. Benoit for "brushing aside" his grievance complaint against Mr. Rothstein.  Apparently, Mr. Benoit is either counsel to or a member of a statewide grievance panel assigned to Mr. Adams' complaint against Mr. Rothstein.  *See* Def.'s Mem. in Support of Def.'s Mot. to Dismiss [doc. #24] at 7-8.  If this is indeed the case, then Mr. Adams' claims against Mr. Benoit are barred by the doctrine of quasi-judicial immunity.

   Under the doctrine of quasi-judicial immunity, "state officials have absolute immunity from suit when the claims against them arise from duties and actions that are 'functionally comparable' to the duties and actions of judges."  *Lipin v. Nat'l Union Fire Ins. Co.*, 202 F. Supp. 2d 126, 134 (S.D.N.Y. 2002) (quoting *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (absolute immunity for federal judge's law clerk)).  "State bar disciplinary proceedings have been found to be 'clearly judicial in nature,' and thus quasi-judicial immunity is available to members of disciplinary committees and panels."  *Brooks v. New York State Supreme Court*, No. 02cv4183 (RR), 2002 WL 31528632, at *2 (E.D.N.Y. Aug. 16, 2002) (collecting cases).  *See also Barbara*

_____

   [2] Parenthetically, the Court notes that Mr. Adams suggests in his Complaint that the sentence that he received from Judge Domnarski was harsher than that given to white defendants under similar circumstances.  *See* Compl. [doc. #1] at 5.  Although the Court does not read Mr. Adams' Complaint to be challenging his criminal sentence directly, the Court notes that such a challenge would likely be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1944), in which the Supreme Court held:

   [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87.

*v. New York Stock Exchange, Inc.*, 99 F.3d 49, 58 (2d Cir. 1996) (affording stock exchange absolute immunity from damages arising out of the performance of disciplinary proceedings).

To the extent that the Court can understand Mr. Adams' allegations against Mr. Benoit, they appear to relate solely to Mr. Benoit's handling of Mr. Adams' grievance against Mr. Rothstein.  Therefore, Mr. Benoit is entitled to absolute quasi-judicial immunity from Mr. Adams' § 1983 claims for damages against him, and the Court DISMISSES those claims, although the Court does so without prejudice so that Mr. Adams may have one last opportunity to amend his Complaint to attempt to state a claim against Mr. Benoit.

**3.  Private Defendants.**  Mr. Adams' claims against attorneys Timothy Cummins and Richard Rothstein must be dismissed because private attorneys, unlike a state officers, do not act under color of state law.  *See* Pl.'s Objection to Def.'s Mot. to Dismiss [doc. #33] at 2-3 (acknowledging that Mr. Rothstein is a private attorney).  " 'In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.' "  *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).  "It is well-settled, however, that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law."  *Sullivan v. Stein*, No. 03cv1203 (MRK), 2004 WL 1179351, at *10 (D. Conn. May 21, 2004) (collecting cases).  Furthermore, Mr. Adams has not alleged the existence of any special circumstances, such as conspiracy or collusion with state actors, that would make Mr. Cummins' or Mr. Rothstein's actions attributable to the State. *See id.*; *Szekeres v. Schaeffer*, 304 F. Supp. 2d 296, 304-05 (D. Conn. 2003) (discussing state action requirement as applied to private actors).

Accordingly, the Court DISMISSES Mr. Adams' § 1983 claim against Messrs. Cummins and Rothstein.  However, as with Mr. Benoit, the dismissal is without prejudice so that Mr. Adams may have one final opportunity to amend his Complaint to remedy this defect, if he has a basis in fact for doing so.

## B. Domestic Relations Exception

In addition to seeking damages under § 1983, Mr. Adams also requests that "the federal court take jurisdiction of [his] divorce action."  Compl. [doc. #1] at 17.  This request is barred by the domestic relations exception to federal jurisdiction.  In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the Supreme Court reaffirmed the domestic relations exception to federal jurisdiction, holding that this exception " 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.' " *Id.* at 703 (quoted in *Melnick v. Adelson-Melnick,* 346 F. Supp. 2d 499, 505 (S.D.N.Y. 2004)).  "The exception is based on an understanding that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.' " *Tilley v. Anixter Inc.*, 283 F. Supp. 2d 729, 734 (D. Conn. 2003) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)).  Therefore, the Court must DENY Mr. Adams request that it assert jurisdiction over his state divorce proceedings.

## C. State Law Claims

"Under 28 U.S.C. § 1367(c)(3), district courts 'may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction.' " *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998).  Having dismissed all federal claims against Judges Domnarski, Hadden, and Nugent, as

well as Messrs. Benoit, Cummins, and Rothstein, the Court declines to exercise supplemental jurisdiction over any of Mr. Adams' state law claims, including any fraud or legal malpractice claims against these Defendants. *See, e.g.*, *Tobin v. Doe*, No. 3:04CV952 (SRU), 2005 WL 701274, at *4 (D. Conn. Mar. 28, 2005) (declining to exercise supplemental jurisdiction over *pro se* plaintiff's state law claims after court dismissed all federal claims over which it had original jurisdiction). Accordingly, the Court DISMISSES Mr. Adams' state law claims against the Defendants without prejudice to his pursuing those claims in state court.

### D. Attorneys' Fees

Finally, Mr. Adams seeks attorneys' fees from Defendants. Successful § 1983 plaintiffs may be eligible to recover attorneys' fees under the fee-shifting provision found in 42 U.S.C. § 1988. However, this provision does not apply to *pro se* parties such as Mr. Adams. *See Hunnicutt v. Armstrong*, 305 F. Supp. 2d 175, 191 (D. Conn. 2004) (citing *Kay v. Ehrler*, 499 U.S. 432, 435-36, 438 (1991) (explaining that the purpose of § 1988 was "to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights" and that "[a] rule that authorizes of counsel fees to *pro se* litigants – even if limited to those who are members of the bar – would create a disincentive to employ counsel.")). Moreover, at least at this stage, Mr. Adams has not been successful. Accordingly, the Court DISMISSES Mr. Adams' claims for attorneys' fees.

### IV.

In conclusion, the Court GRANTS Defendants Edward S. Domnarski, Aurthur C. Hadden, John Nugent and Gregory Benoit's Motion to Dismiss [**doc. #23**], Defendant Timothy Cummins' Motion to Dismiss [**doc. #30**], and Defendant Richard Z. Rothstein's Motion to

Dismiss [**doc. #32**].  However, the Court will afford Mr. Adams an opportunity to remedy the defects that the Court has identified with respect to his claims against Messrs. Benoit, Cummins, and Rothstein.  Any such amended complaint must be filed with the Court and served on the defendants no later than **August 1, 2005.  Mr. Adams is advised that failure to comply with this deadline will result in the complete dismissal of this action and the closing of this file.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut:** <u>July 1, 2005</u>.